UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEST BRANDS CONSUMER PRODUCTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAFDIE AND CO., INC.<br><br>Defendant. | Civil Action No.:<br><br>(JURY TRIAL DEMANDED) |

## COMPLAINT

Plaintiff Best Brands Consumer Products, Inc. ("Best Brands" or "Plaintiff") by its attorneys, hereby complain of Defendant Safdie and Co., Inc. ("Safdie" or "Defendant"), as set forth below.

## JURISDICTION AND VENUE

1.      This is an action for copyright infringement arising under the United States copyright law, Title 17 of the United States Code *et seq.*, and for unfair competition under federal law and the laws of the State of New York. This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. §§1331 and 1338. This Court also has diversity jurisdiction under 28 U.S.C. §1332 in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and which is between a citizen of the State of New York, and a citizen of a foreign state, namely, Canada. Jurisdiction is present over the state law claims under 28 U.S.C. §1338(b), and further pursuant to this Court's supplemental jurisdiction under 28 U.S.C. §1367.

2.     This action arises from Defendant's use, sale, offer for sale, and/or importing of products, and conduct of activities, that infringe Plaintiff's copyrights and constitute unfair competition.

3.     This Court has personal jurisdiction over Defendant in that Defendant has engaged in acts constituting doing business in the State of New York, including in this judicial district and has intentionally directed its tortious activities toward the State of New York, including this judicial district.  Defendant has committed acts of intellectual property infringement in New York, including this judicial district, and has delivered the accused products into the stream of commerce with the expectation that they will be purchased by consumers in the State of New York, including this judicial district. Defendant has sold or offered for sale products, including products that are the subject of this Complaint, to consumers in the State of New York, including this judicial district.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) - (d) and 28 U.S.C. §1400(a).

## THE PARTIES

5.     Plaintiff Best Brands Consumer Products Inc. ("Best Brands") is a corporation organized and existing under the laws of the State of New York having a principal place of business at 25 Merrick Avenue Merrick, New York, 11566.  Best Brands is the owner of the copyrights that are the subject of this Complaint.

6.     Defendant Safdie Co., Inc. ("Safdie") is, upon information and belief, a corporation organized and existing under the laws of Canada having a principal place of business in Montreal, Canada at 8191, Chemin Montview, Mont-Royal, QC H4P 2P2.

Safdie distributes textiles and other home and bath accessories, including the accused products, for sale in the United States.

## FACTS

### PLAINTIFF'S COPYRIGHTS

7.      Plaintiff Best Brands is the creator and owner of new designs relating to children's hooded bath towels.

8.      Best Brands has commercialized large quantities of its popular bath towel products in interstate commerce based on its new designs.

9.      On September 7, 2017 Plaintiff's "Dog Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002067050.  A copy of the copyright registration certificate is attached as Exhibit 1 hereto.

10.      On September 7, 2017 Plaintiff's "Mermaid 1 Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002066799.  A copy of the copyright registration certificate is attached as Exhibit 2 hereto.

11.      On September 7, 2017 Plaintiff's "Unicorn 1 Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002066728.  A copy of the copyright registration certificate is attached as Exhibit 3 hereto.

12.      On September 7, 2017 Plaintiff's "Shark 1 Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number

VA0002066246.  A copy of the copyright registration certificate is attached as Exhibit 4 hereto.

13.     On September 7, 2017 Plaintiff's "Monster Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002066247.  A copy of the copyright registration certificate is attached as Exhibit 5 hereto.

14.     On September 7, 2017 Plaintiff's "Shark 2 Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002066731.  A copy of the copyright registration certificate is attached as Exhibit 6 hereto.

15.     On September 7, 2017 Plaintiff's "Mermaid 2 Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002066761.  A copy of the copyright registration certificate is attached as Exhibit 7 hereto.

16.     On September 7, 2017 Plaintiff's "Unicorn 2 Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002067179.  A copy of the copyright registration certificate is attached as Exhibit 8 hereto.

17.     Plaintiff's aforementioned copyrights are collectively referred to herein as "Plaintiff's Copyrights."

18.     Plaintiff invested significant time, funds, and effort into its products and designs.

4

19.     As a result of Plaintiff's designs, efforts, and promotional, advertising, and marketing activities, Plaintiff's products have been widely sold throughout the United States.

20.     Plaintiff's intellectual property and its associated goodwill directed to its hooded towels are all valuable assets of Plaintiff.

## DEFENDANT'S INFRINGEMENT OF PLAINTIFF'S COPYRIGHTS

21.     Without the authorization of Best Brands, Defendant Safdie is manufacturing, importing, using, offering for sale, and selling products in interstate commerce in the United States that violate Best Brands' rights in its original designs.

22.     Defendant's products, including, its hooded children's towels, infringe Best Brands' copyrights in Best Brands' designs.

23.     Images of Defendant's infringing products are attached as Exhibit 9 hereto (the "Accused Products").

24.     Defendant's Accused Products are copies of Plaintiff Best Brands' designs.

25.     In fact, Defendant went to the same manufacturer used by Plaintiff Best Brands to manufacture and supply the Accused Products.

26.     In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the designs of the Accused Products and the designs in Plaintiffs' Copyrights are substantially the same, with the resemblance being such as to deceive such an observer, inducing him to purchase one supposing it to be the other.

27.     Moreover, the designs of Defendant's Accused Products and those in Plaintiff's Copyrights are identical.

28.     Defendant's Accused Products infringe Plaintiff's copyright rights.

## WILLFUL INFRINGEMENT AND DAMAGES

29.     Defendant's activities have been and are deliberate and willful.

30.     Upon information and belief, Defendant is aware of Plaintiff's designs and has deliberately chosen to use, sell, and offer for sale, products, intended to copy or imitate the same.

31.     Upon information and belief, Defendant knew, or should have known, that Plaintiff has copyright rights in its designs.

32.     Upon information and belief, Defendant knowingly went to Plaintiff's manufacturer and obtained products embodying Plaintiff's proprietary designs.

33.     Defendant, in bad faith, adopted Plaintiff's designs.

34.     Defendant's acts have been without license or authority of Plaintiff.

35.     Defendant's bad faith activities have caused actual confusion in the marketplace, and pose a likelihood of deception and confusion in the marketplace, as well as extensive damage to Plaintiff and its business, goodwill and reputation.

36.     Defendant's actions constitute willful infringement.

37.     Defendant Safdie's willful infringement is ongoing.

38.     Defendant has illegally profited, and is illegally profiting, from its infringement of Plaintiff's rights.

39.     Defendant's actions have caused and are causing irreparable harm to Plaintiffs.

40.     Plaintiff has been damaged by Defendant's activities

41.     Defendant's activities have caused Plaintiff to lose a multi-million dollar order of products having designs covered by Plaintiffs' Copyrights.

42.     Plaintiff will continue to be damaged unless Defendant is restrained and enjoined by this Court.

43.     Plaintiff has no adequate remedy at law.

44.     Plaintiff has been damaged by Defendant's illegal actions in an amount to be determined by a jury and this Court, including recovery and relief for Plaintiff's attorneys' fees and costs, lost sales, lost profits, price erosion, and damage to Plaintiff's reputation and good will, and/or a disgorgement of Defendant's revenues and profits.

## COUNT I
## COPYRIGHT INFRINGEMENT
### United States Copyright Law, Title 17 of the United States Code *et seq.*

45.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

46.     This claim arises under United States copyright law, Title 17 of the United States Code *et seq.*

47.     Defendant's acts constitute infringement of Plaintiff's Copyrights.

48.     Upon information and belief, Defendant's acts of infringement were and are willful and deliberate.

49.     Defendant is profiting from its infringing activities.

50.     As a result of Defendant's conduct, Plaintiff is being substantially harmed, and is suffering actual damages, including lost profits, and has been forced to retain legal counsel and pay costs of court to bring this action.

51.     As a result of Defendant's conduct, Plaintiff seeks any and all further rights and remedies available by law, including, but not limited to, under 17 U.S.C. §501 *et seq.*

## COUNT II
## NEW YORK COMMON LAW OF UNFAIR COMPETITION

52.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

53.     This claim arises under the common law of the State of New York.

54.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

55.     Plaintiff has created its designs, and has extensively marketed, promoted, and sold its products, including its associated designs, through extensive time, labor, skill, and money.

56.     Defendant has engaged in unfair competition under New York common law by Defendant's bad faith misappropriation of the labors and expenditures of Plaintiff, and its actions which are likely to cause confusion or to deceive purchasers as to the origin of Defendant's goods.

57.     Defendant has used those designs, in competition with Plaintiff, gaining an unfair advantage, because Defendant bore little or no burden of expense of Plaintiff's creation, development, marketing, and promotion of those designs and goods.

58.     Furthermore, Defendant misappropriated Plaintiff's proprietary designs by obtaining them from Plaintiff's manufacturer without Plaintiff's authorization.

59.     Defendant's actions have caused significant commercial damage to Plaintiff.

60.     Defendant's conduct is illegal and actionable under the common law of unfair competition of the State of New York.

61.     Plaintiff has been injured by Defendant's illegal actions and is entitled to the remedies provided under New York law.

62.     Plaintiff seeks all rights and remedies available under New York law

## DAMAGES

63.     Plaintiff is being irreparably harmed by Defendant's infringing activities, and has no adequate remedy at law.

64.     Plaintiff has been extensively damaged by Defendant's intellectual property infringement in an amount to be determined by a jury and this Court.

65.     Plaintiff seeks damages as a result of Defendant's infringement which include, but are not limited to:  Plaintiff's lost sales, lost profits, price erosion, and damage to its reputation and good will; and/or disgorgement of Defendant's revenues and profits from Defendant's sales of infringing products, associated parts thereof, and from convoyed sales.

66.     Plaintiff requests that this honorable Court assess enhanced damages against Defendant in the fullest amount permissible by law, including, but not limited to, treble damages under federal law and punitive damages under New York law, in view of

the willful, egregious, malicious, and extensive nature of Defendant's bad faith activities

complained of herein, and in view of the numerous violations, the willful nature of the

violations, and the significant damage to Plaintiff, as set forth above.

67.    Plaintiff further requests injunctive relief to bar any and all further acts

infringing Plaintiff's rights under federal and/or New York law, absent which the willful

violations complained of herein will all continue.

## JURY TRIAL DEMAND

68.    Pursuant to Rule 38, Fed. R. Civ. P. Plaintiff hereby demands a trial by

jury on all issues set forth herein that are properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court, upon final hearing

of this matter, grant the following relief against Defendant:

A.    That Defendant be adjudged to have engaged in copyright infringement of

Plaintiff's rights under Copyright Registration No. VA0002067050 under

the United States copyright law, Title 17 of the United States Code *et seq.*;

B.    That Defendant be adjudged to have engaged in copyright infringement of

Plaintiff's rights under Copyright Registration No. VA0002066799 under

the United States copyright law, Title 17 of the United States Code *et seq.*;

C.    That Defendant be adjudged to have engaged in copyright infringement of

Plaintiff's rights under Copyright Registration No. VA0002066728 under

the United States copyright law, Title 17 of the United States Code *et seq.*;

D.    That Defendant be adjudged to have engaged in copyright infringement of

Plaintiff's rights under Copyright Registration No. VA0002066246 under the United States copyright law, Title 17 of the United States Code *et seq.*;

E.     That Defendant be adjudged to have engaged in copyright infringement of Plaintiff's rights under Copyright Registration No. VA0002066247 under the United States copyright law, Title 17 of the United States Code *et seq.*;

F.     That Defendant be adjudged to have engaged in copyright infringement of Plaintiff's rights under Copyright Registration No. VA0002066731 under the United States copyright law, Title 17 of the United States Code *et seq.*;

G.     That Defendant be adjudged to have engaged in copyright infringement of Plaintiff's rights under Copyright Registration No. VA0002066761 under the United States copyright law, Title 17 of the United States Code *et seq.*;

H.     That Defendant be adjudged to have engaged in copyright infringement of Plaintiff's rights under Copyright Registration No. VA0002067179 under the United States copyright law, Title 17 of the United States Code *et seq.*;

I.     That Defendant be adjudged to have engaged in unfair competition under the common law of the State of New York;

J.     That Plaintiff's Copyrights were duly and legally issued by the U.S. Copyright Office, and are valid and enforceable;

K.     That Defendant, its officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendant be enjoined from engaging in any further activities which infringe Plaintiff's rights in Plaintiff's Copyrights;

11

L.     That Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be enjoined from making, using, importing, exporting, offering for sale and selling any products and activities which directly infringe Plaintiff's Copyrights;

M.     That Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from otherwise competing unfairly with Plaintiff;

N.     That Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in any and all further deceptive and unfair business practices with respect to Plaintiff;

O.     That Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in any further acts infringing Plaintiff's rights under federal and/or New York law;

P.     That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with the injunction;

Q.     That Defendant be required to account for and pay over to Plaintiff any

12

and all revenues and profits derived by it and all damages sustained by Plaintiff by reason of the acts complained of in this Complaint, including an assessment of interest on the damages so computed, and that the damages be trebled, pursuant to all applicable law;

R.      That Defendant be required to account for and pay over to Plaintiff such actual damages as Plaintiff has sustained as a consequence of Defendant's infringement; that Defendant be required to account for and pay to Plaintiff all of Defendant's gains, revenues, profits and advantages attributable to or derived by Defendant's infringement; that the damages relating to copyright infringement be trebled; and that any and all damages likewise be enhanced to the maximum available under all applicable federal and New York law;

S.      That each such award of damages be enhanced to the maximum available for each infringement in view of Defendant's willful infringement of Plaintiff's rights;

T.      That Defendant be required to deliver up for impoundment during the pendency of this action, and for destruction thereafter, all copies of the infringing materials in its possession or under its control and all materials, including molds and master models, used for making same;

U.      That Plaintiff be awarded punitive or exemplary damages under New York law because of the egregious, malicious, and tortious conduct of Defendant complained of herein;

13

V.      That Plaintiff recover the costs of this action including its expenses and

reasonable attorney's fees under all applicable federal and state law;

W.      That Defendant's activities and violations of law be adjudged to be

willful;

X.      That Plaintiff recover statutory damages for Defendant's infringement, at

Plaintiff's election, of up to $150,000 per copyrighted work, and/or in the

maximum amount available by law;

Y.      That Plaintiff be awarded pre-judgment and post-judgment interest;

Z.      That Plaintiff obtain all further relief permitted under the laws of the

United States and the State of New York; and,

AA.     That Plaintiff obtain all such other and further relief as the Court may

deem just and equitable.

Dated: November 22, 2017                 */s/Morris E. Cohen*
                                         Morris E. Cohen (MC-4620)
                                         Limor Wigder (LW-1986)
                                         GOLDBERG COHEN LLP
                                         1350 Avenue of the Americas, 3rd Floor
                                         New York, New York 10019
                                         (646) 380-2087 (phone)
                                         (646) 514-2123 (fax)
                                         MCohen@GoldbergCohen.com
                                         LWigder@GoldbergCohen.com