UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEST BRANDS CONSUMER PRODUCTS, INC.,

*Plaintiff*,

v.

SAFDIE AND CO., INC.,

*Defendant*.

ANSWER

CIVIL ACTION NO.
1:17-CV-09143 (LAP)(KHP)

JURY TRIAL DEMANDED

## ANSWER TO COMPLAINT

Defendant Safdie and Co., Inc. ("Safdie"), by and through its attorneys, Harter Secrest & Emery LLP, as and for its Answer to the Complaint herein, states:

### JURISDICTION AND VENUE

**1.      This is an action for copyright infringement arising under the United States copyright law, Title 17 of the United States Code *et seq*. and for unfair competition under federal law and the laws of the State of New York.  This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. §§1331 and 1338.  This Court also has diversity jurisdiction under 28 U.S.C. §1332 in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and which is between a citizen of the State of New York, and a citizen of a foreign state, namely, Canada.  Jurisdiction is present over the state law claims under 28 U.S.C. §1338(b), and further pursuant to this Court's supplemental jurisdiction under 28 U.S.C. §1367.**

ANSWER:  Safdie admits that in the Complaint, Plaintiff purports to assert claims arising out of the Copyright Act (17 U.S.C. § 101, et seq.) and for unfair competition under the laws of the State of New York and denies liability for such claims.  The remainder of the allegations contained in Paragraph 1 of the Complaint set forth legal conclusions to which no response is required.

**2.      This action arises from Defendant's use, sale, offer for sale, and/or importing of products, and conduct of activities, that infringe Plaintiff's copyrights and constitute unfair competition.**

ANSWER:  Safdie states that the allegations in Paragraph 2 of the Complaint set forth

legal conclusions to which no response is required.  To the extent any response is required,

Safdie denies each and every allegation in Paragraph 2 of the Complaint and specifically denies

any liability for copyright infringement and/or unfair competition.

**3.     This Court has personal jurisdiction over Defendant in that Defendant has engaged in acts constituting doing business in the State of New York, including in this judicial district and has intentionally directed its tortious activities toward the State of New York, including this judicial district. Defendant has committed acts of intellectual property infringement in New York, including this judicial district, and has delivered the accused products into the stream of commerce with the expectation that they will be purchased by consumers in the State of New York, including this judicial district. Defendant has sold or offered for sale products, including products that are the subject of this Complaint, to consumers in the State of New York, including this judicial district.**

ANSWER:     Safdie states that the allegations in Paragraph 3 of the Complaint set forth

legal conclusions to which no response is required.  Safdie specifically denies that it has engaged

in any tortious activities, committed acts of intellectual property infringement, and/or sold or

offered for sale the products that are the subject of the Complaint to consumers in the State of

New York.

**4.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) - (d) and 28 U.S.C. §1400(a).**

ANSWER:     Safdie states that Paragraph 4 of the Complaint contains no factual

allegation, but only legal conclusions, to which no response is required.

### THE PARTIES

**5.     Plaintiff Best Brands Consumer Products Inc. ("Best Brands") is a corporation organized and existing under the laws of the State of New York having a principal place of business at 25 Merrick Avenue Merrick, New York, 11566. Best Brands is the owner of the copyrights that are the subject of this Complaint.**

ANSWER:     Safdie denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 5 of the Complaint.

**6.     Defendant Safdie Co., Inc. ("Safdie") is, upon information and belief, a corporation organized and existing under the laws of Canada having a principal place of**

**business in Montreal, Canada at 8191, Chemin Montview, Mont-Royal, QC H4P 2P2.
Safdie distributes textiles and other home and bath accessories, including the accused
products, for sale in the United States.**

ANSWER:    Safdie denies that it is a corporation organized and existing under the laws

of Canada.  Safdie admits it has a principal place of business located at 8191 Chemin Montview,

Mont-Royal, QC H4P 2P2, Montreal, Canada and that it distributes textiles and other home

accessories, but denies but denies the remainder of the allegations in Paragraph 6 of the

Complaint, including that it sold or distributed the accused product to consumers in the United

States.

FACTS

PLAINTIFF'S COPYRIGHTS

**7.      Plaintiff Best Brands is the creator and owner of new designs relating to
children's hooded bath towels.**

ANSWER:    Safdie denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 7 of the Complaint.

**8.      Best Brands has commercialized large quantities of its popular bath towel
products in interstate commerce based on its new designs.**

ANSWER:    Safdie denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

**9.      On September 7, 2017 Plaintiff's "Dog Hooded Towel" was registered with
the United States Copyright Office, and issued U.S. Registration Number VA0002067050.
A copy of the copyright registration certificate is attached as Exhibit 1 hereto.**

ANSWER:    Safdie admits that attached to the Complaint as Exhibit 1 is Copyright

Registration No. VA 2-067-050.  However, Safdie denies knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the

Complaint, the statements contained in the application underlying Copyright Registration No.

3

VA 2-067-050, and the statements in the registration certificate for Copyright Registration No.

VA 2-067-050.

**10.     On September 7, 2017 Plaintiff's "Mermaid 1 Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002066799. A copy of the copyright registration certificate is attached as Exhibit 2 hereto.**

ANSWER:     Safdie admits that attached to the Complaint as Exhibit 2 is Copyright

Registration No. VA 2-066-799.  However, Safdie denies knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the

Complaint, the statements contained in the application underlying Copyright Registration No.

VA 2-066-799, and the statements in the registration certificate for Copyright Registration No.

VA 2-066-799.

**11.     On September 7, 2017 Plaintiff's "Unicorn 1 Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002066728. A copy of the copyright registration certificate is attached as Exhibit 3 hereto.**

ANSWER:     Safdie admits that attached to the Complaint as Exhibit 3 is Copyright

Registration No. VA 2-066-728.  However, Safdie denies knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the

Complaint, the statements contained in the application underlying Copyright Registration No.

VA 2-066-728, and the statements in the registration certificate for Copyright Registration No.

VA 2-066-728.

**12.     On September 7, 2017 Plaintiff's "Shark 1 Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002066246.  A copy of the copyright registration certificate is attached as Exhibit 4 hereto.**

ANSWER:     Safdie admits that attached to the Complaint as Exhibit 4 is Copyright

Registration No. VA 2-066-246.  However, Safdie denies knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the

Complaint, the statements contained in the application underlying Copyright Registration No.

VA 2-066-246, and the statements in the registration certificate for Copyright Registration No.

VA 2-066-246.

**13.     On September 7, 2017 Plaintiff's "Monster Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002066247. A copy of the copyright registration certificate is attached as Exhibit 5 hereto.**

ANSWER:     Safdie admits that attached to the Complaint as Exhibit 5 is Copyright

Registration No. VA 2-066-247.  However, Safdie denies knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the

Complaint, the statements contained in the application underlying Copyright Registration No.

VA 2-066-247, and the statements in the registration certificate for Copyright Registration No.

VA 2-066-247.

**14.     On September 7, 2017 Plaintiff's "Shark 2 Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002066731. A copy of the copyright registration certificate is attached as Exhibit 6 hereto.**

ANSWER:     Safdie admits that attached to the Complaint as Exhibit 6 is Copyright

Registration No. VA 2-066-731.  However, Safdie denies knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the

Complaint, the statements contained in the application underlying Copyright Registration No.

VA 2-066-731, and the statements in the registration certificate for Copyright Registration No.

VA 2-066-731.

**15.     On September 7, 2017 Plaintiff's "Mermaid 2 Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002066761. A copy of the copyright registration certificate is attached as Exhibit 7 hereto.**

ANSWER:     Safdie admits that attached to the Complaint as Exhibit 7 is Copyright Registration No. VA 2-066-761.  However, Safdie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint, the statements contained in the application underlying Copyright Registration No. VA 2-066-761, and the statements in the registration certificate for Copyright Registration No. VA 2-066-761.

**16.     On September 7, 2017 Plaintiff's "Unicorn 2 Hooded Towel" was registered with the United States Copyright Office, and issued U.S. Registration Number VA0002067179. A copy of the copyright registration certificate is attached as Exhibit 8 hereto.**

ANSWER:     Safdie admits that attached to the Complaint as Exhibit 8 is Copyright Registration No. VA 2-067-179.  However, Safdie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint, the statements contained in the application underlying Copyright Registration No. VA 2-067-179, and the statements in the registration certificate for Copyright Registration No. VA 2-067-179.

**17.     Plaintiff's aforementioned copyrights are collectively referred to herein as "Plaintiff's Copyrights."**

ANSWER:     Safdie admits that the Complaint refers to Plaintiff's various alleged copyright registrations as "Plaintiff's Copyrights."

**18.     Plaintiff invested significant time, funds, and effort into its products and designs.**

ANSWER:     Safdie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

**19.     As a result of Plaintiff's designs, efforts, and promotional, advertising, and marketing activities, Plaintiff's products have been widely sold throughout the United States.**

ANSWER:      Safdie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

**20.      Plaintiff's intellectual property and its associated goodwill directed to its hooded towels are all valuable assets of Plaintiff.**

ANSWER:      Safdie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

**DEFENDANTS INFRINGEMENT OF**
**PLAINTIFF'S COPYRIGHTS**

**21.      Without the authorization of Best Brands, Defendant Safdie is manufacturing, importing, using, offering for sale, and selling products in interstate commerce in the United States that violate Best Brands' rights in its original designs.**

ANSWER:      Safdie denies each and every allegation contained in Paragraph 21 of the Complaint.

**22.      Defendant's products, including, its hooded children's towels, infringe Best Brands' copyrights in Best Brands' designs.**

ANSWER:      Safdie denies each and every allegation contained in Paragraph 22 of the Complaint.

**23.      Images of Defendant's infringing products are attached as Exhibit 9 hereto (the "Accused Products").**

ANSWER:      Safdie admits that Exhibit 9 contains images of its products, but denies the remaining allegations contained in Paragraph 23 of the Complaint.

**24.      Defendant's Accused Products are copies of Plaintiff Best Brands' designs.**

ANSWER:      Safdie denies each and every allegation contained in Paragraph 24 of the Complaint.

**25.      In fact, Defendant went to the same manufacturer used by Plaintiff Best Brands to manufacture and supply the Accused Products.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 25 of the Complaint.

**26.     In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the designs of the Accused Products and the designs in Plaintiffs' Copyrights are substantially the same, with the resemblance being such as to deceive such an observer, inducing him to purchase one supposing it to be the other.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 26 of the Complaint.

27.     **Moreover, the designs of Defendant's Accused Products and those in Plaintiff's Copyrights are identical.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 27 of the Complaint.

**28.     Defendant's Accused Products infringe Plaintiff's copyright rights.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 28 of the Complaint.

WILLFUL INFRINGEMENT AND DAMAGES

**29.     Defendant's activities have been and are deliberate and willful.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 29 of the Complaint.

**30.     Upon information and belief, Defendant is aware of Plaintiff's designs and has deliberately chosen to use, sell, and offer for sale, products, intended to copy or imitate the same.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 30 of the Complaint.

**31.     Upon information and belief, Defendant knew, or should have known, that Plaintiff has copyright rights in its designs.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 31 of the

Complaint.

**32.     Upon information and belief, Defendant knowingly went to Plaintiff's manufacturer and obtained products embodying Plaintiff's proprietary designs.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 32 of the

Complaint.

**33.     Defendant, in bad faith, adopted Plaintiff's designs.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 33 of the

Complaint.

**34.     Defendant's acts have been without license or authority of Plaintiff.**

ANSWER:     Safdie admits that it has not sought and Plaintiff has not provided a license

or authority and denies that any such license or authority is required.

**35.     Defendant's bad faith activities have caused actual confusion in the marketplace, and pose a likelihood of deception and confusion in the marketplace, as well as extensive damage to Plaintiff and its business, goodwill and reputation.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 35 of the

Complaint.

**36.     Defendant's actions constitute willful infringement.**

ANSWER: Safdie denies each and every allegation contained in Paragraph 36 of the

Complaint.

**37.     Defendant Safdie's willful infringement is ongoing.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 37 of the

Complaint.

**38.     Defendant has illegally profited, and is illegally profiting, from its infringement of Plaintiff's rights.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 38 of the

Complaint.

**39.     Defendant's actions have caused and are causing irreparable harm to Plaintiffs.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 39 of the Complaint.

**40.     Plaintiff has been damaged by Defendant's activities**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 40 of the Complaint.

**41.     Defendant's activities have caused Plaintiff to lose a multi-million dollar order of products having designs covered by Plaintiffs' Copyrights.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 41 of the Complaint.

**42.     Plaintiff will continue to be damaged unless Defendant is restrained and enjoined by this Court.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 42 of the Complaint.

**43.     Plaintiff has no adequate remedy at law.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 43 of the Complaint.

**44.     Plaintiff has been damaged by Defendant's illegal actions in an amount to be determined by a jury and this Court, including recovery and relief for Plaintiff's attorneys' fees and costs, lost sales, lost profits, price erosion, and damage to Plaintiff's reputation and good will, and/or a disgorgement of Defendant's revenues and profits.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 44 of the Complaint.  Safdie specifically denies that Plaintiff is eligible to recover attorneys' fees in this matter under 17 U.S.C Sec. 412.

### COUNT I
### COPYRIGHT INFRINGEMENT
### UNITED STATES COPYRIGHT LAW, TITLE 17 OF THE UNITED STATES CODE *ET SEQ.*

**45.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.**

ANSWER:     Safdie repeats and realleges its responses to Paragraphs 1 to 44 above as if set forth fully herein.

**46.     This claim arises under United States copyright law, Title 17 of the United States Code et seq.**

ANSWER:     Safdie admits that the Complaint purports to assert claims under the Copyright Act, but denies liability for copyright infringement.

**47.     Defendant's acts constitute infringement of Plaintiff's Copyrights.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 47 of the Complaint.

**48.     Upon information and belief, Defendant's acts of infringement were and are willful and deliberate.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 48 of the Complaint.

**49.     Defendant is profiting from its infringing activities**.

ANSWER:     Safdie denies each and every allegation contained in Paragraph 49 of the Complaint.

**50.     As a result of Defendant's conduct, Plaintiff is being substantially harmed, and is suffering actual damages, including lost profits, and has been forced to retain legal counsel and pay costs of court to bring this action.**

ANSWER:     Safdie denies each and every allegation contained in Paragraph 50 of the Complaint.

**51.     As a result of Defendant's conduct, Plaintiff seeks any and all further rights**

and remedies available by law, including, but not limited to, under 17 U.S.C. §501 et seq.

ANSWER:     Safdie denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations as to what Plaintiff "seeks", but admits that it purports to assert claims under the Copyright Act.  Safdie denies liability for all claims asserted by Plaintiff in the Complaint.

COUNT II
NEW YORK COMMON LAW OF UNFAIR COMPETITION

52.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

ANSWER:     Safdie repeats and realleges its responses to Paragraphs 1 to 51 above as if set forth fully herein.

53.     This claim arises under the common law of the State of New York.

ANSWER:     Safdie admits that the Complaint purports to assert claims for unfair competition under the laws of the State of New York, but denies any liability for unfair competition.

54.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

ANSWER:     Safdie refers to and fully incorporates herein its response to Paragraph 1 of the Complaint.

55.     Plaintiff has created its designs, and has extensively marketed, promoted, and sold its products, including its associated designs, through extensive time, labor, skill, and money.

ANSWER:     Safdie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant has engaged in unfair competition under New York common law by Defendant's bad faith misappropriation of the labors and expenditures of Plaintiff, and its actions which are likely to cause confusion or to deceive purchasers as to the origin of Defendant's goods.

ANSWER:      Safdie denies each and every allegation contained in Paragraph 56 of the

Complaint.

**57.     Defendant has used those designs, in competition with Plaintiff, gaining an unfair advantage, because Defendant bore little or no burden of expense of Plaintiff's creation, development, marketing, and promotion of those designs and goods.**

ANSWER:      Safdie denies each and every allegation contained in Paragraph 57 of the

Complaint.

**58.     Furthermore, Defendant misappropriated Plaintiff's proprietary designs by obtaining them from Plaintiff's manufacturer without Plaintiff's authorization.**

ANSWER:      Safdie denies each and every allegation contained in Paragraph 58 of the

Complaint.

**59.     Defendant's actions have caused significant commercial damage to Plaintiff.**

ANSWER:      Safdie denies each and every allegation contained in Paragraph 59 of the

Complaint.

**60.     Defendant's conduct is illegal and actionable under the common law of unfair competition of the State of New York.**

ANSWER:      Safdie denies each and every allegation contained in Paragraph 60 of the

Complaint.

**61.     Plaintiff has been injured by Defendant's illegal actions and is entitled to the remedies provided under New York law.**

ANSWER:      Safdie denies each and every allegation contained in Paragraph 61 of the

Complaint.

**62.     Plaintiff seeks all rights and remedies available under New York law.**

ANSWER:      Safdie denies knowledge and information sufficient to form a belief as to

the truth or falsity of the allegations as to what Plaintiff "seeks", but admits that it purports to

13

assert claims under the unfair competition laws of the State of New York.

DAMAGES

**63.    Plaintiff is being irreparably harmed by Defendant's infringing activities, and has no adequate remedy at law.**

ANSWER:    Safdie denies each and every allegation contained in Paragraph 63 of the

Complaint.

**64.    Plaintiff has been extensively damaged by Defendant's intellectual property infringement in an amount to be determined by a jury and this Court.**

ANSWER:    Safdie denies each and every allegation contained in Paragraph 64 of the

Complaint.

**65.    Plaintiff seeks damages as a result of Defendant's infringement which include, but are not limited to: Plaintiff's lost sales, lost profits, price erosion, and damage to its reputation and good will; and/or disgorgement of Defendant's revenues and profits from Defendant's sales of infringing products, associated parts thereof, and from convoyed sales.**

ANSWER:    Safdie admits that Plaintiff "seeks" such damages in Paragraph 65 of the

Complaint, but denies that Plaintiff is entitled to such damages.

**66.    Plaintiff requests that this honorable Court assess enhanced damages against Defendant in the fullest amount permissible by law, including, but not limited to, treble damages under federal law and punitive damages under New York law, in view of the willful, egregious, malicious, and extensive nature of Defendant's bad faith activities complained of herein, and in view of the numerous violations, the willful nature of the violations, and the significant damage to Plaintiff, as set forth above.**

ANSWER:    Safdie admits that Plaintiff "requests" such damages in Paragraph 66 of

the Complaint, but denies that Plaintiff is entitled to such damages.

**67.    Plaintiff further requests injunctive relief to bar any and all further acts infringing Plaintiff's rights under federal and/or New York law, absent which the willful violations complained of herein will all continue.**

ANSWER:    Safdie admits that Plaintiff "requests" such injunctive relief in Paragraph

67 of the Complaint, but denies that Plaintiff is entitled to such relief.

14

**JURY TRIAL DEMAND**

**68.     Pursuant to Rule 38, Fed. R. Civ. P. Plaintiff hereby demands a trial by jury on all issues set forth herein that are properly triable to a jury.**

ANSWER:     Safdie states that the allegations in Paragraph 68 of the Complaint set forth a legal conclusion to which no response is required.

69.     Safdie denies each and every allegation in the Complaint not specifically admitted, denied or otherwise controverted above.

## AFFIRMATIVE DEFENSES

Without alleging or admitting that Safdie bears the burden of proof and/or persuasion with respect to any of the following defenses, and without assuming the burden of proof or persuasion as to any matters for which Plaintiff bears the burden of proof or persuasion, Safdie asserts the following defenses:

**FIRST DEFENSE**

70.     The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

71.     Plaintiff's copyright claims are barred by the doctrines of merger and/or scenes a faire.

**THIRD DEFENSE**

72.      Plaintiff's copyright claims are barred in whole or in part because the works for which it asserts copyright infringement lack the creativity and/or originality necessary for protection under the Copyright Act.

**FOURTH DEFENSE**

73.     Plaintiff's copyright claims are barred in whole or in part by copyright misuse.

**FIFTH DEFENSE**

15

74.    Plaintiff's claims for attorney's fees are barred under 17 U.S.C. Sec. 412.

### SIXTH DEFENSE

75.    Plaintiff's state-law claims are barred in whole or in part by copyright

preemption.

### SEVENTH DEFENSE

76.    To the extent Plaintiff suffered any damages, which Safdie expressly denies, upon

information and belief, Plaintiff failed to mitigate its damages.

### EIGHTH DEFENSE

77.    Plaintiff's copyright claims are barred in whole or in part by Safdie's independent

creation.

### NINTH DEFENSE

78.    Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of

unclean hands.

**WHEREFORE**, Defendant Safdie and Co., Inc., respectfully requests that the Court

dismiss the Complaint with prejudice; award Defendant Safdie and Co., Inc. its costs and

disbursements, including reasonable attorney's fees incurred in the defense of this action; and

grant such relief as the Court deems just, proper, and equitable.

DATED:        Rochester, New York          /s/ Kimberly I. Shimomura
              March 16, 2018               Kimberly I. Shimomura
                                           Jerauld E. Brydges
                                           HARTER SECREST & EMERY LLP
                                           *Attorneys for Defendant*
                                           *Safdie and Co., Inc.*
                                           1600 Bausch & Lomb Place
                                           Rochester, New York 14604-2711
                                           Telephone:  (585) 232-6500
                                           Email: Kshimomura@hselaw.com
                                                  Jbrydges@hselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that counsel for Plaintiff Best Brands Consumer Products, Inc., Morris E. Cohen, Esq., Goldberg Cohen LLP, 1350 Avenue of the Americas, New York, New York, 10019, who is registered to accept electronic service of documents in this case will be served with the foregoing Defendant Safdie and Co., Inc.'s **Answer to Complaint** by the Court's CM/ECF system on this 16th day of March, 2018.

/s/ Kimberly I. Shimomura
Kimberly I. Shimomura